IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Linda M. Dennis, ) | |
| ) | C/A No.: 6:05-1107-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Jo Anne B. Barnhart, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Plaintiff Gloria J. Holcombe filed an application for a period of disability and disability insurance benefits on December 17, 2001, and an application for supplemental security income payments on December 12, 2001, alleging disability commencing August 20, 2001 because of the residual effects from a broken wrist on her left arm. The applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on July 31, 2003. On October 24, 2003, the ALJ issued a decision that Plaintiff was not entitled to a period of disability or disability insurance benefits and was not eligible for supplemental security income payments under sections 216(i) and 223, 1602, and 1614(a)(3)(A), respectively, of the Social Security Act. The decision of the ALJ became the "final decision" of the Commissioner on February 11, 2005, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

    In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for a Report and Recommendation. On April 28, 2006, the Magistrate Judge filed a Report of Magistrate Judge in which he determined that the findings of the ALJ were not supported by substantial evidence. Accordingly, the Magistrate Judge

recommended that the decision of the Commissioner be reversed under sentence four of 42 U.S.C. § 045(g), with a remand of the cause to the Commissioner for further proceedings. No party filed objections to the Report of Magistrate Judge.

The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report of Magistrate Judge and incorporates it herein by reference. Accordingly,

It is ORDERED that the Commissioner's decision be **reversed** under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings as discussed herein and in the Report of Magistrate Judge.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

May 24, 2006.